IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JACQUELINE LOPEZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-cv-00039 |
| FRANKLIN MANAGEMENT CORPORATION AND THE ESTATE OF THOMAS A. SCHOBER | § § § § § | |
| Defendants. | § § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1446(a), Defendant Franklin Credit Management Corporation ("Defendant" or "Franklin Credit") files this notice of the removal of this action from Probate Court No. 2 of El Paso County, Texas, and states as follows:

## SUMMARY

1. Plaintiff Jacqueline Lopez ("Plaintiff") filed this action on May 27, 2021 in Cause No. 2019-CPR707-A in Probate Court No. 2 of El Paso County, Texas in the matter styled *Jacqueline Lopez v. Franklin Management Corporation and the Estate of Thomas A. Schuber* (the "State Court Action"). The allegations in *Plaintiff's Original Petition and Application for Injunctive Restraining Order and Temporary Injunction* (the "Petition") relate to the actions of Franklin Credit to foreclose a loan secured by the real property and improvements located at 3736 La Cuesta Drive, El Paso, Texas 79936, and more particularly described as:

> LOT 16, BLOCK 2, LA CUESTA, AN ADDITION TO THE CITY OF EL PASO, EL PASO COUNTY, TEXAS, ACCORDING TO THE MAP THEREOF ON FILE IN BOOK 76, PAGE 54, PLAT RECORDS OF EL PASO COUNTY, TEXAS.

(the "Property"). (Petition at ¶12 and Exh. A.)

2. Plaintiff claims that Franklin Credit, *inter alia*, failed to provide her proper notice of default and foreclosure. (*See* Petition at ¶53.) Plaintiff asserts a claim against Franklin Credit for declaratory judgment. (*Id.* at ¶¶51-53.) She seeks against Franklin Credit, *inter alia*, an injunction against foreclosure, actual damages, and attorneys' fees. (*Id.* at Prayer.)

3. With respect to Defendant the Estate of Thomas A. Schober ("the Estate"), Plaintiff claims that Thomas A. Schober, during his life, scammed her by causing her to convey title to the Property to him in exchange for Mr. Schober's promise to pay off Plaintiff's liens on the Property, which Mr. Schober allegedly did not do. (Petition at ¶¶17-24). For these alleged wrongs, Plaintiff brings claims against the Estate for breach of contract, to quiet title, and for declaratory judgment. (*Id.* at ¶¶37-50).

4. This Notice of Removal is timely because thirty (30) days have not expired since Plaintiff filed the State Court Action, making removal proper in accordance with 28 U.S.C. Section 1446(b).

5. This action is removable to federal court pursuant to 28 U.S.C. Section 1441 because it could have been filed originally in this Court pursuant to diversity jurisdiction conferred by 28 U.S.C. Section 1332.

## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

**A.    There is complete diversity.**

6. Removal of the State Court Action to this Court is also proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and (b) because the amount in controversy is well in excess of $75,000.00 exclusive of interest, costs, and attorney fees.

**1.    There is diversity between Plaintiff and Franklin Credit.**

7. Plaintiff is an individual and citizen of the state of Texas. (*See* Petition at ¶2.)

8. Franklin Credit is a corporation. For diversity purposes, the citizenship of a corporation is determined by the state of incorporation and the state in which its principal place of business is located. See 28 U.S.C. § 1332(c)(1). Franklin Credit is incorporated in Delaware and maintains its principal place of business in New Jersey. Therefore, Franklin Credit is a citizen of Delaware and New Jersey for purposes of diversity jurisdiction.

**2. The Estate was improperly joined.**

9. The Estate was improperly joined and its citizenship should not be considered.

10. The doctrine of improper joinder entitles a defendant to remove to federal court if an in-state defendant is improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Improper joinder occurs when the plaintiff is unable to establish a cause of action against the non-diverse defendant. *Id. Smallwood* recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573 (internal citations omitted). The removing party bears the burden of proving that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* "This possibility [of recovery], however, must be reasonable, not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (emphasis added).

11. In determining whether there is a reasonable basis to predict whether the plaintiff might recover against an in-state defendant, courts often utilize a Rule 12(b)(6) analysis. Rule 12(b)(6) provides for the dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim for which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Iqbal v. Ashcroft*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

### a. An estate is not a legal entity.

12. In Texas, estates are not legal entities and thus cannot be sued. *Henson v. Estate of Crow*, 734 S.W.2d 648, 649 (Tex. 1987). A party's claim to recover damages from the assets of an estate must be brought against the duly appointed representative of a decedent's estate. *See id.* Here, Plaintiff brings her claims not against the representative of the Estate of Thomas A. Schober but simply against the "Estate of Thomas A. Schober". (*See* Petition at ¶5.) As Plaintiff cannot sue an estate, she has brought a claim against a non-existent entity. Accordingly, the Estate must be ignored as a party to this suit when determining whether diversity jurisdiction exists. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of [diversity of citizenship], the citizenship of defendants sued under fictitious names shall be disregarded."; *see also Kemp v. CTL Distribution, Inc*., 440 F. App'x 240, 248 (5th Cir. 2011) (ignoring citizenship of John Doe defendant in analyzing diversity of citizenship).

### b. Plaintiff's claims against the Estate are barred by res judicata.

13. Additionally, Plaintiff already obtained a judgment against Mr. Schober when he was alive and thus any claims she wishes now to bring against the representative of his estate are barred by res judicata.

14. Although defenses are generally not the proper subject of Rule 12(b)(6) motions, certain affirmative defenses that clearly appear on the face of the plaintiff's complaints, may be properly be asserted in a Rule 12(b)(6) motion. *Songbyrd Inc. v. Bearsville Records, Inc.,* 104

F.3d.773, 775 (5th Cir. 1997). A dismissal pursuant to Rule 12(b)(6) on *res judicata* grounds may be appropriate when the elements of *res judicata* are apparent on the face of the pleadings. *Dean v. Miss. Bd. of Bar Admissions*, 394 F. App'x 172, 175 (5th Cir. 2010) (citing *Kansa Reinsurance Co. v. Mktg. Corp. of Tex.,* 20 F.3d 1362, 1366 (5th Cir. 1994)). Additionally, matters of which the Court may take judicial notice, matters in the public record, and items appearing in the record of the case all may be considered along with the pleadings in Rule 12(b)(6) determinations. *See Van Duzer v. U.S. Bank N.A.*, 995 F. Supp. 2d 673 (S.D. Tex. 2014); *see Bustamante v. City of Dallas*, No. 3:20-cv-1187-D, 2020 U.S. Dist. LEXIS 227858 *5 (N.D. Tex. Dec. 4, 2020) (approving consideration of prior state court pleadings to rule on Rule 12(b)(6) motion to dismiss based on res judicata).

15. There are three elements of the defense of res judicata: (1) a prior action based on the same claims that were raised or could have been raised in the first action, (2) identity of parties or those in privity with them; and (3) a prior final judgment on the merits by a court of competent jurisdiction. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

(i) Prior Action

16. In a prior case, Plaintiff sued Mr. Schober for the same alleged "scam" that she complains about in the instant case. (*See Exhibit D, attached hereto.*) In *Jacqueline Lopez v. Thomas Schober,* Cause No. 2018-DCV-1811, 168th District Court, El Paso County, Texas ("the Prior Suit"), Plaintiff alleged that Mr. Schober "fraudulently induced" her to convey title to the Property to his allegedly nonexistent trust in exchange for a promise to pay off the liens on the Property. *Id.* ¶¶9-13. Plaintiff in the Prior Suit pleaded that Mr. Schober failed to pay off these liens as promised and failed to convey title back to her. *Id*. For these alleged wrongs, Plaintiff brought claims against Mr. Schober to quiet title, for declaratory judgment and for statutory

NOTICE OF REMOVAL
21-000009-740                                                                                                                                               PAGE 5

fraud. *Id.* ¶¶15-30. For relief, Plaintiff requested *inter alia* that a judgment be entered awarding her clear title to the Property. *Id.* ¶¶22, 29.

17. In the instant case, Plaintiff makes the same claims against the Estate. She claims that Mr. Schober induced her to convey title to the Property to his phony trust based on the promise to pay off the liens on the Property; that Mr. Schober did not perform as promised; and that Mr. Schober failed to convey title back to her. (Petition at ¶¶17-24). For these alleged wrongs, Plaintiff brings claims against the Estate for breach of contract, to quiet title, and for declaratory judgment. (*Id.* at ¶¶37-50). For relief, Plaintiff requests, like she did in the Prior Suit, that she be awarded title to the Property to the exclusion of Mr. Schober. *Id.; Prayer.* There is no question that the claims in the instant suit are the same ones that were brought or could have been brought in the Prior Suit.

(ii) Identity of Parties

18. The parties are essentially the same. In the Prior Suit, Plaintiff sued Mr. Schober. (*See Exhibit D,* ¶4). In the instant case, Plaintiff sues Mr. Schober's Estate because he has passed away. (Petition at ¶5). *See Rodriguez v. JP Morgan Chase, Bank*, N.A., No. SA-16-CV-1264-FB, 2017 U.S. Dist. LEXIS 229578 *27-28 (W.D. Tex. April 26, 2017) (for res judicata purposes, privity exists between an individual and the individual's heirs who seek to assert the same claims that were brought or could have been brought in a prior suit).

(iii) Final Judgment

19. In the Prior Case, Plaintiff was awarded a final default judgment against Mr. Schober by a Court of competent jurisdiction. (*See Exhibit F, attached hereto; see also Return of Service in the Prior Suit, attached hereto as Exhibit E.*) In this judgment, the Court, as requested by Plaintiff, awarded title to the Property to Plaintiff to the exclusion of Mr. Schober. Plaintiff

was also awarded $3,000.00 in attorney's fees, post-judgment interest, and court costs. *Id.* State District Courts in Texas have jurisdiction to adjudicate claims to title to real property located in the county of suit. Tex. Const. art. 5, § 8; Tex. Govt. Code Ann. § 26.043. In the probate proceedings below, the Dependent Administrator did not include the Property in the Inventory he filed, which the Court approved. (*See Exhibits G and H).*

20. As all three elements of res judicata have been met, Plaintiff's claims against the Estate have no merit as provided by Rule 12(b)(6). The Estate was therefore improperly joined and its citizenship may be ignored for ascertaining diversity jurisdiction in this case.

21. In ignoring the citizenship of the Estate, there is complete diversity between Plaintiff and SLS. (*See* discussion *infra* § A.1.) Accordingly, there is complete diversity among the parties. *See id.*; 28 U.S.C. § 1332(a)(2).

22. Further, the consent of the Estate is not required because it was improperly joined. *See Vasquez v. Wal-Mart Associates, Inc.*, No. 3:11-cv-2739-G, 2012 WL 2715691, at *2 (N.D. Tex. July 9, 2012) ("a removing defendant is not required to obtain the consent of any defendant who has been improperly joined") (citing *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)).

**B.     The amount in controversy exceeds $75,000.00.**

23. The amount in controversy exceeds the sum or value of $75,000.00. When a plaintiff does not allege in his state-court petition a specific amount of damages, to establish the amount-in-controversy requirement for diversity jurisdiction the removing defendant's notice of removal need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by

the plaintiff or questioned by the court." *Id.* If the defendant's allegation of the amount in controversy is then contested by the plaintiff, removal is proper "if the district court finds, by the preponderance of evidence, that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 553–54 (internal quotes removed).

24. In the Fifth Circuit, when declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, in those cases the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). In response to a foreclosure, when someone seeks to "enjoin[] a lender from transferring property and preserv[e] an individual's ownership interest, it is the property itself that is the object of litigation; the value of that property represents the amount in controversy." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (internal citation omitted).

25. Plaintiff seeks, *inter alia*, to enjoin Franklin Credit from foreclosing on the lien on the Property. (*See* Petition; TRO.) As a result, Plaintiff put an amount in controversy equal to the value of the Property. The El Paso County Appraisal District values the Property at $130,426.00, an amount well in excess of $75,000.00. (*See* Exhibits C, C-1.) For this reason alone, the amount-in-controversy requirement has been met.

## **VENUE**

26. Venue for removal is proper in this district and division, the United States District Court for the Western District of Texas, El Paso Division, under 28 U.S.C. Section 1441(a)

because this district and division embrace Probate Court No. 2 of El Paso County, Texas, the forum in which the removed action was pending.

## NOTICE

27. Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for Probate Court No. 2 of El Paso County, Texas.

28. The contents of Exhibit B constitute the entire file of Cause No. 2019-CPR707-A in Probate Court No. 2 of El Paso County, Texas.

## CONCLUSION

For the reasons described above, Franklin Credit respectfully requests that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

*Attorneys for Defendant Franklin Credit Management Corporation*

## LIST OF ALL KNOWN COUNSEL OF RECORD

For Plaintiff Jacqueline Lopez
Jorge Lopez M.
Texas Bar No. 24055870
jorgelopez@lms.legal
Michael Hirsch
Texas Bar No. 24116521
mike@lms.legal
Lopez Molinar & Saroldi, PLLC
310 N. Mesa St., Ste. 900
El Paso, TX 79901
915-838-3900 (Phone)
915-838-3905 (Fax)
david@junkinlawoffice.com

For Defendant Franklin Credit Management Corporation
Mark Cronenwett
Texas Bar No. 00787303
Mackie Wolf Zientz & Mann, P.C.
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686
mcronenwett@mwzmlaw.com

For Defendant the Estate of Thomas A. Schober
Alexander V. Neill
Firth Bunn Kerr Neill
311 Montana Ave., Ste. B
El Paso, TX 79902
(915) 532-7500 (Phone)
(915) 532-7503 (Fax)
aneill@fbknlaw.com

For Defendant the Estate of Thomas A. Schober
David A. Bonilla, Dependent Administrator of the Estate of Thomas A. Schober
David Bonilla, Attorney at Law P.C.
1533 N. Lee Trevino, Ste B1
El Paso, TX 79936
Telephone: (915) 594-9952
Fax: (915) 590-1232
dbonillalaw@gmail.com

## INDEX OF DOCUMENTS ATTACHED

Exhibit A     Copy of the Docket Sheet for Cause No. 2019-CPR707 in Probate Court No. 2 of El Paso County, Texas (which includes the filings in Cause No. 2019-CPR707-A);

Exhibit B     Pleadings in Cause No. 2019-CPR707-A in Probate Court No. 2 of El Paso County, Texas;

    B-1     Plaintiffs' Original Petition and Application for Temporary Restraining Order and Temporary Injunction, May 27, 2021;

    B-2.     Bond Receipt for Temporary Restraining Order, May 28, 2021;

    B-3.     Temporary Restraining Order, May 28, 2021;

    B-4.     Request of Issuance of Summons, May 28, 2021;

    B-5.     Citation Issued for Franklin Management Corporation, June 1, 2021;

    B-6.     Citation Issued for David Bonilla, Dependent Administrator of the Estate of Thomas A. Schober, June 1, 2021;

    B-7.     Return of Citation for David Bonilla, Dependent Administrator of the Estate of Thomas A. Schober, June 7, 2021;

    B-8.     Notice of Remote Hearing, June 7, 2021.

Exhibit C     Declaration of Mark D. Cronenwett; and

    C-1     Print-out from the El Paso County Central Appraisal District web-site on June 10, 20201.

Exhibit D     Original Petition in Cause No. 2018-DCV-1811, 168th District Court of El Paso County Texas, filed on May 14, 2018;

Exhibit E     Return of Service in Cause No. 2018-DCV-1811, 168th District Court of El Paso County Texas, filed on May 24, 2018; and

Exhibit F     Default Judgment in Cause No. 2018-DCV-1811, 168th District Court of El Paso County Texas, filed on July 19, 2018.

Exhibit G     Inventory, Appraisement and List of Claims in Cause No. 2019-CPR-00707, El Paso County Probate Court No. 2, filed on August 21, 2020.

Exhibit H     Order Approving Inventory, Appraisement and List of Claims in Cause No. 2019-CPR-00707, El Paso County Probate Court No. 2, filed on September 2, 2020.

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2021, a true and correct copy of the foregoing was served by regular United States mail on the following counsel:

Jorge Lopez M.
Michael Hirsch
Lopez Molinar & Saroldi, PLLC
310 N. Mesa St., Ste. 900
El Paso, TX 79901
*Attorneys for Jacqueline Lopez*

Alexander V. Neill
Firth Bunn Kerr Neill
311 Montana Ave., Ste. B
El Paso, TX 79902
*Attorneys for Defendant the Estate of Thomas A. Schober, Deceased.*

David A. Bonilla
David Bonilla, Attorney at Law P.C.
1533 N. Lee Trevino, Ste B1
El Paso, TX 79936
*Dependent Administrator of*
*the Estate of Thomas A. Schober, Deceased*

                                                 */s/ Mark D. Cronenwett*
                                                 **MARK D. CRONENWETT**