IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| JACQUELINE LOPEZ,<br>    *Plaintiff*, | § § § | |
| v. | § § | PE:21-CV-039-DC-DF |
| FRANKLIN MANAGEMENT<br>CORPORATION and THE ESTATE OF<br>THOMAS A. SCHROBER,<br>    *Defendants*. | § § § § § | |

## ORDER TRANSFERING CASE

BEFORE THE COURT is the status of the above-referenced case, which was assigned following Defendant Franklin Credit Management Corporation's ("Defendant Franklin Credit") removal of this case to federal court. (*See* Doc. 1). For the reasons discussed below, the Court will transfer this case to the U.S. District Court for the Western District of Texas, El Paso Division.

On May 27, 2021, Plaintiff Jacqueline Lopez ("Plaintiff") initiated this case in Probate Court No. 2 in El Paso County styled *Jacqueline Lopez v. Franklin Management Corporation and the Estate of Thomas A. Shcuber*, Cause No. 2019-CPR707-A. *Id*. at 1. Plaintiff claims Defendant Franklin Credit failed to provide her proper notice of default and foreclosure. *Id*. at 2. Plaintiff additionally asserts a claim against Defendant Estate of Thomas A. Schober ("the Estate") because Mr. Schober allegedly, during his life, scammed Plaintiff by causing her to convey title to property to him in exchange for his promise to pay off Plaintiff's liens on said property, which Mr. Schrober allegedly failed to do. *Id*. On June 10, 2021, Defendant Franklin Credit removed the case to the Pecos Division pursuant to 28 U.S.C. § 1446(a). *Id*. at 2–3. Upon review of the Notice of Removal, it appears that this case finds itself in the Pecos Division by

mistake.[1] Moreover, it does not appear that venue would otherwise properly lie in the Pecos Division as a substantial portion of the events giving rise to this litigation occurred in El Paso County, which is not located in the Pecos Division. *See* 28 U.S.C. § 1391(b)(2).

For these reasons, the Court will exercise its discretion and *sua sponte* **TRANSFER** this case pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Western District of Texas, El Paso Division, where it should be assigned to a judge of that Division for further proceedings. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 493 n.3 (5th Cir. 1996).

It is so **ORDERED**.

SIGNED this 14th day of June, 2021.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

1. *See* Doc. 1 at 8–9 ("Venue for removal is proper in this district and division, the United States District Court for the Western District of Texas, El Paso Division, under 28 U.S.C. [§] 1441(a) because this district and division embrace Probate Court No.2 of El Paso County, Texas, the forum in which the removed action was pending.").